O

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17

| | |
|---|---|
| CECILIA SALCIDO MARTINEZ, <br> Plaintiff, <br> vs. <br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br> Defendant. | Case No. CV 14-4880 RNB <br><br> ORDER AFFIRMING DECISION OF COMMISSIONER |

18      The sole disputed issue listed in the Joint Stipulation is whether the ALJ's

19 residual functional capacity ("RFC") determination was supported by substantial

20 evidence and free of legal error in light of evidence presented for the first time to the

21 Appeals Council. (See Jt Stip at 4.)  The Court now rules as follows with respect to

22 that issue.[1]

23
24
25      [1]      As the Court advised the parties in its Case Management Order, the
26 decision in this case is being made on the basis of the pleadings, the administrative
   record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance
27 with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined
   which party is entitled to judgment under the standards set forth in 42 U.S.C. §
28 405(g).

1

<u>Background</u>

In a decision issued on December 21, 2012, the ALJ determined that plaintiff had an RFC for light work with some additional postural and mental limitations. (<u>See</u> 1 AR 24-25.)[2]  In so finding, the ALJ accorded substantial weight to several medical opinions, including a "permanent and stationary" report issued in May 2011 by Dr. Ahmed, plaintiff's treating physician. (<u>See</u> 1 AR 27; <u>see also</u> 1 AR 493-509.)  In particular, the ALJ credited Dr. Ahmed's conclusion that plaintiff was limited to "light work," which Dr. Ahmed had defined as "work in the standing or walking position with minimal amount for physical effort." (<u>See</u> 1 AR 27; <u>see also</u> 1 AR 506.)

After the ALJ issued his decision, plaintiff requested review by the Appeals Council and proffered, for the first time, a July 2012 opinion by Dr. Ahmed. (<u>See</u> 2 AR 1202-04.) In the July 2012 opinion, Dr. Ahmed concluded that plaintiff was more limited than he had found earlier: specifically, Dr. Ahmed opined that plaintiff could lift less than 10 pounds frequently and 10 pounds occasionally; could sit, stand, and walk for less than two hours in an eight-hour workday; would need to lie down at unpredictable times for up to 70 percent of a work shift; and would be absent from work more than three times per month. (<u>See id.</u>)  The Appeals Council received Dr. Ahmed's July 2012 opinion and made it part of the record (<u>see</u> 1 AR 6) but denied plaintiff's request for review (<u>see</u> 1 AR 1-4).  The Appeals Council did not discuss Dr. Ahmed's July 2012 opinion, but made a general statement that plaintiff's new

---

[2]       The Commissioner's definition of light work, as used in the ALJ's RFC determination, contemplates an ability to lift "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," as well as an ability to perform "a good deal of walking or standing." <u>See</u> 20 C.F.R. § 404.1567(b). Here, the ALJ's RFC determination in full was for light work "except that the claimant could perform postural activities occasionally, can occasionally walk on uneven terrain, can occasionally climb ramps and stairs, can never climb ladders, ropes, or scaffolds, cannot be around heights or hazards, and is limited to simple to moderately complex work." (<u>See</u> 1 AR 24-25.)

1   evidence "does not provide a basis for changing the Administrative Law Judge's
2   decision."   (See 1 AR 2-3.)   Accordingly, the ALJ's decision became the
3   Commissioner's final decision.

4

5       Analysis

6       The Ninth Circuit has held that "when the Appeals Council considers new
7   evidence in deciding whether to review a decision of the ALJ, that evidence becomes
8   part of the administrative record, which the district court must consider when
9   reviewing the Commissioner's final decision for substantial evidence." See Brewes
10  v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012).  Under
11  this authority, the Court must consider Dr. Ahmed's July 2012 opinion when
12  reviewing the Commissioner's final decision for substantial evidence.

13      After considering the updated record on the whole, the Court finds that
14  substantial evidence supports the Commissioner's final decision for three reasons.
15  First, the mere fact that Dr. Ahmed's July 2012 opinion provided evidentiary support
16  for plaintiff's allegation that she was disabled is insufficient for the Court to find that
17  the opinion rendered the Commissioner's final decision devoid of support by
18  substantial evidence.  See Sullivan v. Colvin, 588 Fed Appx. 725, 726-27 (9th Cir.
19  2014) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (finding
20  substantial evidence supported Commissioner's final decision despite evidence
21  submitted for first time to Appeals Council supporting claimant's disability
22  allegations); Boyd v. Colvin, 524 Fed. Appx. 334, 336 (9th Cir. 2013) (same despite
23  evidence submitted for first time to Appeals Council opining that claimant met
24  requirements of a Listing).

25      Second, Dr. Ahmed's July 2012 opinion was at odds with or unsupported by
26  his own records.  Dr. Ahmed's July 2012 opinion was significantly more restrictive
27  than his earlier permanent and stationary report from May 2011, but nothing in the
28  treatment records showed a progressive deterioration in plaintiff's condition so as to

1  explain the change.  See Young v. Heckler, 803 F.2d 963, 967, 968 (9th Cir. 1986)

2  (treating physician's most recent opinion that claimant was disabled was properly

3  rejected where it contradicted earlier medical reports, including those of physician

4  himself, and where the record was far from clear that claimant's condition was

5  progressively deteriorating).  Since Dr. Ahmed's July 2012 opinion was "brief,

6  conclusory, and inadequately supported by clinical findings," the Commissioner was

7  under no obligation to accept it.  See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.

8  2002); Young, 803 F.2d at 968 (treating physician's most recent medical opinion that

9  claimant was disabled was properly rejected as "brief and conclusionary in form with

10  little in the way of clinical findings"); see also Tonapetyan v. Halter, 242 F.3d 1144,

11  1149 (9th Cir. 2001) (holding that treating physician's opinion that was "unsupported

12  by rationale or treatment notes, and offered no objective medical findings" to support

13  diagnoses was properly rejected).

14      Although plaintiff contends that Dr. Ahmed's July 2012 opinion merely

15  provided clarification for earlier reports that the ALJ had allegedly misconstrued (see

16  Jt Stip at 12, 13), the Court disagrees.  Plaintiff alleges that the ALJ misconstrued

17  what Dr. Ahmed meant by "light work" in his May 2011 report, but the record

18  reflects, to the contrary, that the ALJ credited Dr. Ahmed's own definition of light

19  work as "work in the standing or walking position with minimal amount for physical

20  effort." (See 1 AR 27; see also 1 AR 506.)  This definition was not inconsistent with

21  the ALJ's RFC determination for light work.  See 20 C.F.R. § 404.1567(b).

22  Moreover, Dr. Ahmed's July 2012 opinion did not merely provide clarification for

23  his earlier reports, but rather added significant limitations that were new,

24  unexplained, and unsupported: the July 2012 opinion stated for the first time and with

25  no evident basis that plaintiff could sit, stand, and walk for less than two hours in an

26  eight-hour workday; would need to lie down at unpredictable times for up to 70

27  percent of a work shift; and would be absent from work more than three times per

28  month. (See 2 AR 1202-04.)

1    Third, Dr. Ahmed's July 2012 opinion was at odds with other substantial
2    evidence credited by the ALJ. Dr. Ahmed's conclusions in July 2012 conflicted with
3    those of Dr. Afra, Dr. Vaghaiwalla, and Dr. Berry (see 1 AR 73-74, 90-91; 2 AR 897-
4    902), all of whom concluded that plaintiff could perform light work with some
5    additional postural limitations. See Boyd, 524 Fed. Appx. at 336 (finding substantial
6    evidence in the updated record for Commissioner's final decision where evidence
7    presented for first time to Appeals Council was, inter alia, at odds with extensive
8    evidence that was before the ALJ).  Although plaintiff contends that Dr. Ahmed's
9    July 2012 opinion was particularly probative because it was the only medical opinion
10   that addressed plaintiff's left knee problems (see Jt Stip at 13), the Court disagrees.
11   To the extent that plaintiff is contending that Dr. Ahmed's July 2012 opinion was the
12   only evidence that addressed plaintiff's left knee problem, the record before the ALJ
13   belies this contention. (See 2 AR 1005, 1011, 1016-17, 1022, 1059, 1158-59.) More
14   significantly, Dr. Ahmed's July 2012 opinion includes no explanation for why
15   plaintiff's left knee problem, which Dr. Ahmed treated conservatively with a brief
16   course of physical therapy (see 2 AR 1017), warranted a conclusion by Dr. Ahmed
17   that plaintiff's limitations had become so restrictive that she could sit, stand, and walk
18   for less than two hours in an eight-hour workday; would have to lie down at
19   unpredictable times for up to 70 percent of a work shift; and would be absent from
20   work more than three times per month (see 2 AR 1202-04).  See also Rollins v.
21   Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (treating physician's opinion that
22   claimant was disabled was properly rejected when physician had prescribed a
23   conservative course of treatment).

24       Although plaintiff further contends that the Court should find that the Appeals
25   Council erred by failing to articulate specific and legitimate reasons supported by
26   substantial evidence to reject Dr. Ahmed's July 2012 opinion (see Jt Stip at 15, 26),
27   the Court disagrees. As a threshold matter, the Court has no jurisdiction to review the
28   Appeals Council's decision denying plaintiff's request for review because that

1  decision is a non-final agency action. <u>See</u> <u>Taylor v. Commissioner of Social Sec.</u>

2  <u>Admin.</u>, 659 F.3d 1228, 1231 (9th Cir. 2011). Moreover, the Appeals Council is not

3  required to provide detailed rationale whenever it is faced with new evidence. <u>See</u>

4  <u>id.</u> at 1232 (citing <u>Gomez v. Chater</u>, 74 F.3d 967, 972 (9th Cir. 1996) (noting that "the

5  Appeals Council is not required to make any particular evidentiary finding" about

6  evidence presented to it for the first time)).

7       Plaintiff relies on <u>Ramirez v. Shalala</u>, 8 F.3d 1449, 1451-55 (9th Cir. 1993),

8  where another Ninth Circuit panel faulted the Appeals Council for failing to give any

9  reason, let alone a "specific and legitimate" reason based on substantial evidence of

10  record, for rejecting the opinion of a treating physician contained in a report

11  submitted to the Appeals Council in conjunction with the claimant's request for

12  review, and remanded to the district court for an immediate award of benefits.

13  However, the Court notes that more recent Ninth Circuit unpublished decisions that

14  the Court finds persuasive, as well as a number of Ninth Circuit district courts, have

15  questioned the continued applicability of <u>Ramirez</u> in light of the more recent

16  directives in <u>Taylor</u> and <u>Gomez</u>. <u>See, e.g.</u>, <u>Wilder v. Commissioner of Social Sec.</u>

17  <u>Admin.</u>, 545 Fed Appx. 638, 639-40 (9th Cir. 2013) (rejecting contention that

18  Appeals Council erred in affirming ALJ's decision without remarking on new and

19  material evidence because courts have no jurisdiction to review an Appeals Council's

20  denial of request for review); <u>Leir v. Colvin</u>, 544 Fed. Appx. 704, 705 (9th Cir. 2013)

21  ("The Appeals Council was not required to make any particular evidentiary

22  finding."); <u>Bifarella v. Colvin</u>, - F. Supp. 3d -, 2014 WL 4925082, at *4 (E.D. Cal.

23  Sept. 30, 2014) ("[W]hile the Appeals Council was required to consider Dr. Mosson's

24  opinion in assessing whether to grant review, it was not required to provide a detailed

25  explanation for why such evidence did not warrant review of the ALJ's decision.");

26  <u>Palomares v. Astrue</u>, 887 F. Supp. 2d 906, 915 (N.D. Cal. Aug. 13, 2012) ("The Court

27  is persuaded that given the role of this reviewing court apparently assigned by the

28  Ninth Circuit's recent decision in <u>Taylor</u>, the Appeals Council is not required to give

1   specific and legitimate reasons for its rejection of a treating physician's evidence

2   when it does not review the ALJ's decision."); Warner v. Astrue, 859 F. Supp. 2d

3   1107, 1115 (C.D. Cal. Apr. 26, 2012) ("The Taylor decision thus calls into serious

4   question whether District Courts in the Ninth Circuit should continue to impose on

5   the Appeals Council the same requirements for rejecting newly submitted medical

6   opinions as the courts impose on ALJs for rejecting previously submitted medical

7   opinions."); Worthen-Smith v. Colvin, 2013 WL 4049050, at *5 (E.D. Cal. Aug. 9,

8   2013) ("[U]nder Taylor, Plaintiff's argument that the Commissioner's decision is

9   legally deficient for failing to include 'specific and legitimate reasons' for

10  discounting Dr. Blankenship's disability opinion, is unpersuasive."); Coleman v.

11  Astrue, 2012 WL 987735, at *9 (S.D. Cal. Feb. 14, 2012) ("Because the court cannot

12  affirm or reverse the Appeals Council's decision, it makes sense that the court would

13  not evaluate whether the Appeals Council made sufficient findings.").

14         In any event, even assuming arguendo that Ramirez is controlling and that the

15  Commissioner erred by failing to provide detailed rationale for rejecting Dr. Ahmed's

16  July 2012 opinion, the Court finds that any such error was harmless for the same

17  reason that the Court finds the opinion would not have changed the outcome of the

18  case: the opinion was brief, conclusory, and inadequately supported by clinical

19  findings. See, e.g., Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (holding

20  that reversal not warranted for failure to discuss treating psychiatrist's letter that was

21  neither significant nor probative because it contained an "[a]fter-the-fact" diagnosis

22  that claimant was severely impaired); Molina v. Colvin, 2013 WL 5220570, at *2 n.2

23  (C.D. Cal. Sept. 16, 2013) (noting that any asserted error in failure to discuss a

24  treating physician's opinion, reflected on a one-page, check-the-box medical

25  information release form, that plaintiff had a medically verifiable condition that

26  limited the performance of certain tasks was harmless); Hollingsworth v. Colvin,

27  2013 WL 3328609, at *3-*5 (W.D. Wa. July 1, 2013) (finding that any error in failure

28  to address treating physician's opinion was harmless where plaintiff's own reported

1 | activities of daily living did not support her disability claim and where the opinion

2 | was "devoid of any explanation" for the limitation contained therein); <u>Webb v.</u>

3 | <u>Astrue</u>, 2012 WL 1566230, at *3 (D. Or. May 2, 2012) (finding that any error in

4 | failure to discuss treating physician's opinion that claimant needed additional breaks

5 | was harmless where the opinion was conclusory, brief, and unsupported by the record

6 | or by any objective medical findings); <u>Hacker v. Astrue</u>, 2010 WL 1268012, at *7

7 | (C.D. Cal. Mar. 31, 2010) (finding that any error in failure to address a treating source

8 | "opinion" was harmless where the report containing the opinion was conclusory and

9 | unsupported by any clinical findings).

10 | ******************

11 |     IT THEREFORE IS ORDERED that Judgment be entered affirming the

12 | decision of the Commissioner and dismissing this action with prejudice.

13 |

14 | DATED:  <u>March 23, 2015</u>

15 |

16 | _____

17 | ROBERT N. BLOCK
    UNITED STATES MAGISTRATE JUDGE

8